IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
LESLIE HOFMANN                    :
                                  :
v.                                :   Civil No. WMN-10-2067
                                  :
BAYSAVER TECHNOLOGIES, INC.       :
                                  :
```

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

Plaintiff Leslie Hofmann is a former employee of Defendant Baysaver Technologies, Inc. (Baysaver). A second former employee, Jessica Banner, was originally joined as a plaintiff but voluntarily dismissed her claims very early in the litigation. Plaintiffs alleged in the Complaint that they were subjected to sexually offensive comments and physical contact by Thomas Pank, the owner and CEO of Defendant Baysaver.

A jury trial in this action is set to begin on June 11, 2012. Pending are cross motions in limine related to Plaintiff Hofmann's desire to take a <u>de bene esse</u> deposition of former Plaintiff Banner. ECF No. 30 (Hofmann's) and ECF No. 31 (Baysaver's). After this action was filed, Banner moved to another state and is outside of the subpoena power of this Court. Hofmann also reports that Banner's work commitments make it impossible for her to voluntarily appear at trial.

Relying on several relatively recent Fourth Circuit opinions, Hofmann argues that Banner's testimony would be relevant to several elements of her claims, including, whether the unwelcome conduct was because of her sex and whether the conduct was sufficiently severe or pervasive to create a hostile work environment.  ECF No. 30 at 3-4 (citing Ziskie v. Mineta, 547 F.3d 220 (4th Cir. 2008); EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306 (4th Cir. 2008); King v. McMillan, 594 F.3d 301 (4th Cir. 2010)).  One of the decisions on which Hofmann relies, King v. McMillan, arose in a context very similar to that presented here.  King, the plaintiff, alleged that she resigned from her employment because her supervisor, McMillan, constantly touched her in sexually aggressive ways and made inappropriate comments.  The district court admitted testimony, over objection, from other women employees who were sexually harassed in similar ways by McMillan.

The Fourth Circuit held:

> the district court properly determined that the testimony of the other women was relevant to two elements of King's hostile work environment claim: (1) whether McMillan's unwelcome conduct was because of King's sex, and (2) whether the unwelcome conduct was sufficiently severe or pervasive to create a hostile work environment.  See Ziskie v. Mineta, 547 F.3d 220, 224 (4th Cir. 2008) (detailing elements of hostile work environment claim).  Further, the court took the precaution of instructing the jury that the testimony of others was relevant to the "severe or pervasive" element only if King "was aware of [the harassment described in the testimony] during the course of her

2

employment." As for testimony about incidents of harassment that King was not aware of, the court correctly instructed the jury that this testimony was relevant to the element of whether McMillan's unwelcome conduct toward King was because of her sex.

594 F.3d at 310.

In Baysaver's motion in limine asking that the deposition not be permitted, it argues that Banner's testimony would be inadmissible character evidence.[1] Of the three Fourth Circuit decisions cited by Hofmann, Defendant only mentions one, Ziskie, and faults Plaintiff for failing "to point out that Ziskie involved a case where the plaintiff's co-workers were the source of the allegedly hostile or abusive conduct or harassment, rather than a particular supervisor." ECF No. 31 at 3 (emphasis in orginal). While that may be true, that is not a distinction on which Ziskie turned and, furthermore, King, which did involve the conduct of a supervisor, relied on Ziskie. See, supra.

Instead of addressing the holdings of the other Fourth Circuit decisions, Defendant cites two unreported district court decisions involving alleged harassment by a plaintiff's supervisor. ECF No. 31 at 3-4 (citing Chapman v. County of Greenville, 2008 WL 893203 (D.S.C. Mar. 28, 2008) and Bateman v.

---

[1] Baysaver also complains in its motion that it was unable to depose Banner during the discovery period and therefore was unable to investigate the facts or assertions that she might make in her deposition. Baysaver, however, provides no explanation as to how it was prevented from taking the deposition during the discovery period.

3

Therapeutic Innovations, Inc., 2007 WL 460828 (W.D. Va. Feb. 8, 2007)). In Chapman, the plaintiff sought to introduce, not the sworn testimony of other employees, but "unauthenticated summaries of statements prepared in connection with interviews of employees." 2008 WL 893203 at *7. While the court opined that these statements constituted inadmissible character evidence, they were also clearly hearsay statements. Some of that evidence also involved the supervisor's consensual sexual conduct with other employees, raising issues of prejudice not involved in the case at bar.

    In Bateman, a plaintiff who alleged that she was raped by her supervisor sought to introduce "dating profiles, a variety of sexually suggestive photographs featuring [her supervisor], and e-mails of a sexual nature written or forwarded by [her supervisor] that [the plaintiff] did not personally witness until she terminated her employment with the Defendants and commenced th[e] action." 2007 WL 460828 at *3. The district court "preliminarily" excluded the evidence on the ground that it could be used as impermissible character evidence, but left open the possibility that it could become admissible. Id. The Court notes that Chapman and Bateman predate both Ziskie and King and thus, did not have the benefit of the Fourth Circuit's guidance in those decisions.

4

While the Court will allow the taking of Banner's deposition, that is not to say that it will be admissible in its entirety or that some limiting instructions will not be needed regarding the testimony that is admitted.  Also, a transcript of the deposition should be provided to the Court as soon as possible so that the Court can rule on any objections made during the course of the deposition.

Accordingly, it is the 29th day of May, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiff's Motion in Limine, ECF No. 30, is GRANTED;

2) That Defendant's Motion in Limine, ECF No. 31, is DENIED; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
               _____/s/_____
               William M. Nickerson
               Senior United States District Judge
```